IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|   |   |
|---|---|
| MAITREE RAMNARINE,<br><br>  Plaintiff,<br><br>  v.<br><br>SAI ROCKVILLE L, LLC, *et al.*,<br><br>  Defendants. | CIVIL NO.: WDQ-14-1987 |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Maitree Ramnarine sued SAI Rockville L, LLC, doing business

as Lexus of Rockville ("Lexus"), Toyota Motor North America,

Inc. ("Toyota"), and Lexus Customer Convenience System, LLC

("LCCS") (collectively, the "Defendants") in the Circuit Court

for Baltimore City, alleging product liability and breach of

warranty.  ECF No. 2.  Toyota removed the suit to this Court.

ECF No. 1.  Ramnarine amended her complaint to add a negligence

claim against Lexus.  ECF No. 12.[1]  Pending are (1) Toyota's

motions to dismiss the complaint, ECF Nos. 5, 7, and (2)

---

[1] The amended complaint substituted Defendant "Lexus of
Rockville" for Defendant "SAI Rockville L, LLC, doing business
as Lexus of Rockville," and first names Toyota Motor
Corporation, Toyota Motor Sales USA, Inc., Toyota Motor
Engineering and Manufacturing North America, Inc., Toyota
Technical Center USA, and Toyota Technical Center Japan as
Defendants.  ECF No. 12.

Ramnarine's motion for order to show cause, ECF No. 16.[2]   No

hearing is necessary.   Local Rule 105.6 (D. Md. 2014).   For the

following reasons, the Court will remand the suit to the Circuit

Court because it lacks subject matter jurisdiction.

I.   Background[3]

Lexus[4] is a car dealership located in Rockville, Maryland,

which sells, distributes, and markets Lexus brand Toyota Motor

products.   ECF No. 2 ¶ 2.   Toyota is a Corporation organized

under California law.   *Id.* ¶ 3.[5]   Ramnarine is a resident of

Silver Spring, Maryland.   *Id.* ¶ 1.

---

[2] Ramnarine's motion was filed in the Circuit Court for Baltimore
City.   After removal, the motion was transferred to this Court's
docket.

[3] The facts are from the complaint.   ECF No. 2.   The propriety of
removal is determined according to the complaint.   *Pinney v.
Nokia, Inc.*, 402 F.3d 430, 443 (4th Cir. 2005); *Higgins v. E.I.
DuPont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir. 1988).

[4] The complaint refers to Lexus as a Maryland Corporation with
its principal place of business in Rockville, Maryland.   ECF No.
2 ¶ 2.   As noted above, Ramnarine's amended complaint names SAI
Rockville L, LLC, as the proper defendant.   Toyota's
supplemental responses to the Court's standing order concerning
removal in the companion cases *Hack v. SAI Rockville L, LLC*,
WDQ-14-1985, Docket No. 31, and *Ramchand v. SAI Rockville L,
LLC*, WDQ-14-1986, Docket No. 29, confirms that Lexus is a
limited liability company, and that its sole member is SAI MD
HC1, Inc., a Maryland Corporation.   Because a limited liability
company is a citizen of the states of which its members are
citizens, *see Gen. Tech. Applications, Inc. v. Exro Ltds*, 388
F.3d 114, 120 (4th Cir. 2004), Lexus is a Maryland citizen.

[5] Ramnarine alleges that LCCS "is a subsidiary and/or affiliate
of" Lexus and Toyota.   ECF No. 2 ¶ 4.   Ramnarine does not allege
where LCCS's principal place of business is located, or in which

On October 11, 2010, Ramnarine was a passenger in a Lexus
RX 350 car lent to the driver by LCCS, and which was involved in
an accident. *Id.* ¶¶ 9-11. The car was manufactured by Toyota,
but sold and serviced by Lexus. *Id.* ¶ 9; *see also id.* ¶ 17.
During the accident, Ramnarine's seatbelt unbuckled, the doors
opened, and Ramnarine was ejected from the car. *Id.* ¶¶ 10, 19,
23.

As a result of the accident, Ramnarine "suffered serious
injuries to her left knee and other parts of her body,"
requiring surgery and physical therapy, "and is permanently
partially disabled." *Id.* ¶ 20; *see also id.* ¶ 11. Ramnarine is
unable to live independently, and has "become dependent on
assistance." *Id.* ¶ 12. The car "was in the same condition of
manufacture when [Ramnarine] was a passenger." *Id.* ¶¶ 18, 22.

Defendants made express and implied warranties "that the
automobile and components were merchantable, fit for the
intended purpose[,] and safe for normal use, that Ramnarine
relied upon. *Id.* ¶¶ 26-27. The Defendants' breach of warranty
resulted in Ramnarine's injuries. *Id.* ¶ 28-29.

---

state it is organized. *See id.* According to Toyota, LCCS "is a
program administered by Lexus," not a separate legal entity, and
it cannot be sued or served with process. ECF Nos. 10 ¶ 1; 29 ¶
1. Because remand is required in light of the absence of
diversity between Ramnarine and Lexus, the legal status--and
location of LCCS--need not be determined.

On October 11, 2013, Ramnarine sued the Defendants in the Circuit Court for Baltimore City. ECF Nos. 1 ¶ 1; 2. On June 19, 2014, Toyota removed to this Court under 28 U.S.C. §§ 1332(a)(1) and 1441(b). ECF No. 1.

## II. Analysis

### A. Legal Standard for Subject Matter Jurisdiction

The Court begins, "as [it] must in a diversity case, by examining the basis for jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 460 (4th Cir. 1999); *see also Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) ("[Q]uestions of subject-matter jurisdiction may be raised . . . *sua sponte* by the court."); *State v. Ivory*, 906 F.2d 999, 1000 (4th Cir. 1990) (*sua sponte* reversing district court's judgment on the merits for lack of subject matter jurisdiction, and remanding with instructions to remand to state court).[6] The removing party has the burden of proving subject matter jurisdiction. *Md. Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir. 2005). Because removal raises "significant federalism concerns," the removal statutes must be strictly construed, and all doubts must be resolved in favor of remanding the case to state court. *Id.*

---

[6] *See also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 62 (1996).

B.    The Court's Subject Matter Jurisdiction

Toyota contends that this Court may disregard Lexus's Maryland citizenship, and exercise diversity jurisdiction, because Lexus had not been served with the summons and complaint, and was fraudulently joined.   ECF No. 1 ¶¶ 7-10.

1. Service of Process

Under 28 U.S.C. § 1441(a)(2012), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing where such action is pending."   But, "[a] civil action otherwise removable solely on the basis of the jurisdiction under [28 U.S.C. § 1332[7]] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."   28 U.S.C. § 1441(b)(2).   Toyota contends that improper service upon Lexus triggered removability under § 1441(b)(2).

---

[7] Under 28 U.S.C. § 1332(a)(1)(2012), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

In the companion case, *Hack v. SAI Rockville L, LLC, et al.*, Civil No. WDQ-14-1985, pp. 6-7,[8] this Court held that when--as here--nondiverse parties are named in the complaint, the suit was not "otherwise removable" under § 1441(b)(2); thus, the lack of service on Lexus failed to establish the diversity required for removability.[9]  That same reasoning applies here.  Therefore, unless Lexus was fraudulently joined, complete diversity was lacking, and this Court lacks jurisdiction.  *See Workman*, 676 F. Supp. at 694; *Justice*, No. CIV.A. 2:08-230, 2009 WL 853993, at *5.

2. Fraudulent Joinder

The doctrine of fraudulent joinder[10] allows a federal court to "disregard, for jurisdiction purposes, the citizenship of

---

[8] Somaria Hack was another passenger in the vehicle, who sustained injuries similar to Ramnarine in the accident.  *See Hack*, Civil No. WDQ-14-1985, p. 3.

[9] Additionally, the Court sided with others holding that § 1441(b)(2) did not override the U.S. Supreme Court's pronouncement in *Pullman Co. v. Jenkins*, 305 U.S. 534, 537-38, 541 (1939), that lack of service on a resident defendant "does not justify removal by the non-resident defendant."  *See Hack*, WDQ-14-1985, pp. 8-10.

[10] "Fraudulent joinder" is a legal term of art.  *AIDS Counseling & Testing Ctr's v. Grp. W. Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990).  "[I]t does not reflect on the integrity of plaintiff or counsel, but is merely the rubric applied when a court finds either that no cause of action is stated against the nondiverse defendant, or *in fact* no cause of action exists." *Id.* (quoting *Lewis v. Time Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979)).

certain [in-state] defendants, assume jurisdiction over a case, dismiss th[ose] defendants, and thereby retain jurisdiction." *Mayes v. Rapoport,* 198 F.3d 457, 461 (4th Cir. 1999).[11]   As the party asserting fraudulent joinder, Toyota has the burden to "demonstrate either outright fraud in the plaintiff's pleading or that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, . . . even after resolving all issues of law and fact in the plaintiff's favor." *Hartley v. CSX Transp., Inc.,* 187 F.3d 422, 424 (4th Cir. 1999) (internal quotation marks and citation omitted).   The Court must "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Id.* at 425 (internal quotation marks omitted).[12]

---

[11] *See also Mississippi ex rel. Hood v. AU Optronics Corp.,* 134 S. Ct. 736, 745 (2014)("We have held, for example, that a plaintiff may not keep a case out of federal court by fraudulently naming a nondiverse defendant.") (*citing Wecker v. National Enameling & Stamping Co.,* 204 U.S. 176, 185-186, (1907)); *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir. 1981) (applying the fraudulent joinder rule to party asserting that an in-state defendant had been fraudulently joined), *quoted in Mayes,* 198 F.3d at 464.

[12] That a complaint would not survive a defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) does not mean that that defendant has been fraudulently joined: the standard is more favorable than the 12(b)(6) standard. *Id.* at 424.   If there is any possibility of recovery, the defendant has not been fraudulently joined. *Id.*   The Court may "consider the entire record," not only the complaint, to "determine the basis

Toyota asserts that Lexus was fraudulently joined because the Graves Amendment, 49 U.S.C. § 30106 (2012), absolves Lexus's liability.   ECF No. 1 ¶ 9(a)-(f).   The Graves Amendment provides that:

> [a]n owner of a motor vehicle that rents or leases the vehicle to a person . . . shall not be liable under the law of any State . . . by reason of being the owner of the vehicle . . . , for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if--
>
> (1) the owner . . . is engaged in the trade or business of renting or leasing motor vehicles; and
> (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

49 U.S.C. § 30106(a).   An "owner" is a person who is:

> (A) a record or beneficial owner, holder of title, lessor, or lessee of a motor vehicle;
> (B) entitled to the use and possession of a motor vehicle subject to a security interest in another person; or
> (C) a lessor, lessee, or a bailee of a motor vehicle, in the trade or business of renting or leasing motor vehicles, having the use or possession thereof, under a lease, bailment, or otherwise.

*Id.* § 30106(d)(2).

According to Toyota, because Ramnarine has alleged that Lexus was a lessor (and, thus, an owner) of Lexus brand cars, but did not allege, in the original complaint, that Lexus was negligent, the Graves Amendment bars recovery.   *See* ECF Nos. 1

---

of joinder by any means available."   *AIDS Counseling & Testing Ctr's*, 903 F.2d at 1004.   But, it may not act as a factfinder or "delve too far into the merits in deciding a jurisdictional question."   *Hartley*, 187 F.3d at 425.

¶ 9(e)-(f); 2 ¶ 2.   In *Hack*, WDQ-14-1985, pp. 12-15, the Court held that although the Graves Amendment bars recovery based on vicarious liability, it does not bar recovery based on theories of direct liability.   Like *Hack*, Ramnarine appears to hold Lexus directly liable for breach of warranty,[13] and for defective warnings.[14]   ECF No. 2 at 5-6.   Because Ramnarine has alleged theories of direct liability against Lexus, there is, at the very least, a "glimmer of hope" for relief. *See Mayes*, 198 F.3d at 466.   Thus, the fraudulent joinder doctrine does not apply, and removal was improper.[15]

---

[13] Under Maryland law, "a breach of warranty suit is a contract action."   *Owens-Illinois, Inc. v. Zenobia*, 601 A.2d 633, 653 n.22 (Md. 1992).

[14] Although the count is captioned "product liability--defect in warning," Maryland recognizes negligent failure to warn claims. *See Desrosiers v. MAG Indus. Automation Sys., LLC*, No. CIV. WDQ-07-2253, 2010 WL 4116991, at *7 (D. Md. Oct. 19, 2010). Although it is not clear whether Ramnarine is alleging strict failure to warn, or negligent failure to warn, the standard to be applied in failure to warn cases sounding in strict liability and negligence is the same. *See Kennedy v. Mobay Corp.*, 579 A.2d 1191, 1198 (Md. 1990).   Thus, it is possible that Ramnarine may hold Lexus directly liable for its failure to warn, further removing this suit from the protections afforded by the Graves Amendment.   *See Hagen*, 613 F. Supp. 2d at 1000.   In so finding, the Court is not bound to consider whether Ramnarine's allegations about the defective warning would survive a motion to dismiss.   *See Hartley*, 187 F.3d at 424.   Provided recovery is possible (not, probable), application of the fraudulent joinder doctrine is inappropriate.   *Id*.

[15] The Court's conclusion does not prevent Lexus from raising the Graves Amendment as a defense in state court.   At this stage, however, this Court is bound to resolve any doubts about removal in favor of remand.   *Mayes*, 198 F.3d at 466.

III. Conclusion

For the reasons stated above, the Court lacks subject matter jurisdiction, and will remand the suit to the Circuit Court for Baltimore City.

_____2/24/15_____
Date

_____
William D. Quarles, Jr.
United States District Judge